Reversed and remanded.

---

## J. P. TURPIN v. R. P. SANSOM AND OTHERS.

Plaintiff, being in 1861 joint owner with M. of certain land and other property, and being about to go off in the army, made his power of attorney to M., and thereby empowered him to sell any of the property to pay their joint debts, but the power to become void on plaintiff's return from the army. Their joint liabilities were for coin. During plaintiff's absence in the army, M. sold the land for Confederate money, which he paid over to an agent of one of their joint creditors. Plaintiff sued M.'s vendees to recover his half interest in the land. *Held,* that the power of attorney conferred no authority on M. to sell the property for Confederate money, and a purchaser of the land from him, for such money, acquired no title unless the sale was subsequently ratified by the plain-

iff. *Held,* further, that unless the joint creditor had ratified his agent's receipt of the Confederate money from M., that debt was still unextinguished by such receipt.

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

The instrument called a power of attorney in the head-note, was styled Articles of Partnership by the parties, as follows :—

" The State of Texas, ⎰    Articles of partnership made and
" County of Johnson. ⎱ entered into this 29th day of July,
" 1861, by and between James F. Turpin and G. W. Meadows,
" both of the county and State aforesaid, witnesseth : That
" whereas the said James F. Turpin and G. W. Meadows are
" equally interested in, and own in common as co-partners, the
" following property now in the hands of the said G. W.
" Meadows, that is to say, four hundred and ninety-two acres
" of land situated in Johnson County, and known as the farm
" on which Meadows resides." (The instrument described
other joint property, consisting of landed interests and slaves,
and then proceeded as follows :) " And it is stipulated and
" agreed by the said Meadows and Turpin that the said Meadows
" shall keep and have possession of said property during said
" Turpin's absence, who is now in the army and in the service
" of his country. The said Meadows shall use said property for
" the use and benefit of both parties, and shall sell any part of
" said property to pay any demand against the parties herein
" contracting, and his acts shall be as valid as if done by both. In
" the event said Turpin never returns, said Meadows shall turn
" said property over to said Turpin's legal representatives ; and
" when said Turpin returns to Johnson county, should he re-
" turn, this obligation shall be void, and he shall take posses-
" sion of his interest in said property."

The other facts are sufficiently indicated in the opinion and in the head-note. The jury found for the defendants, and there was judgment accordingly, from which the plaintiff appeals.

*J. C. Rushing*, for the appellant, cited Ransom *v.* Alexander, 31 Texas, 442.

*W. Shropshire* and *Jack Davis*, for the appellees.

WALKER, J.   Admitting that the partnership agreement set forth in the statement of facts, between Turpin and Meadows, did authorize Meadows to sell any of the property, real or personal, belonging to the firm, to pay the debts of the firm, it did not authorize a sale for Confederate money; and unless this sale has been ratified expressly by Turpin since his return from the army, he is not bound by it; nor did the payment by Meadows, in Confederate money, to Hammond, the agent of Richardson, cancel that debt, without a like special ratification of the act of his agent by Richardson.

These are the only points necessary to consider in the case, and they have been too often passed upon, by this and other appellate courts, to require any reference to authorities.   We think the charge of the court was calculated to mislead, and did mislead the jury, and that the verdict is not supported by the evidence.

The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.